IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GORDON OAKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3218 |
| | ) | |
| GREGORY FIRKUS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Pending before the Court are Petitioner Gordon Oaks' Petition for Writ of Habeas Corpus (d/e 1) (Petition) and Respondent Gregory Firkus' Motion to Dismiss (d/e 6). Oaks is currently serving a twenty-five year sentence in the Illinois Department of Corrections following his plea of guilty to one count of unlawful delivery of a controlled substance in violation of 720 ILCS 570/401(a)(2)(B). His Petition seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the Petition, asserting that it is untimely. For the reasons set forth below, the Motion to Dismiss is allowed, and the Petition is dismissed.

In October 1999, Oaks was charged in Illinois state court with two

counts of unlawful delivery of a controlled substance in violation of 720 ILCS 570/401(a)(2)(B).  In March 2000, Oaks pled guilty to one count, in exchange for the dismissal of the second count.  Oaks was sentenced in May 2000, to twenty-five years imprisonment.  Oaks then filed a motion to reconsider his sentence and a motion to withdraw his guilty plea.  After hearings were held on both motions, the motions were denied.

Oaks then filed an appeal, asserting that the sentence was excessive and that the trial judge erred in considering the harm to society and the amount of cocaine involved as aggravating factors.  The Illinois Appellate Court for the Fourth District affirmed in an Order dated February 5, 2002.  Oaks did not file a Petition for Leave to Appeal to the Illinois Supreme Court.

Meanwhile, in March 2001, Oaks filed a Petition for Post Conviction Relief in state court pursuant to 725 ILCS 5/122-1.  He filed an Amended Petition for Post-Conviction Relief on May 2, 2001.  The trial court dismissed the petitions as frivolous and patently without merit.  Oaks appealed.  The Illinois Appellate Court for the Fourth District affirmed in an Order dated December 18, 2002, holding that Oaks failed to raise any issues in his post-conviction petition that could not have been raised earlier.

Oaks filed a Petition for Leave to Appeal, which the Illinois Supreme Court denied on April 2, 2003.

In September 2003, Oaks filed a Petition for Relief from Judgment pursuant to 735 ILCS 5/2-1401, with an accompanying memorandum of law, challenging the denial of his Petition for Post-Conviction Relief. The trial court summarily dismissed the Petition for Relief in September 2003. Oaks appealed, arguing that § 2-1401 does not authorize the summary dismissal of petitions brought under it.

In December 2003, while his appeal of the § 2-1401 dismissal was pending, Oaks filed a Second Subsequent Pro Se Post-Conviction Petition. The trial court dismissed the Second Petition, finding Oaks' claims to be frivolous, patently without merit, and barred by the doctrines of waiver and res judicata. Oaks appealed.

On October 4, 2004, the Illinois Appellate Court for the Fourth District issued two separate orders on Oaks' appeals. In the first, Case No. 4-04-0044, the Court affirmed the dismissal of the Second Subsequent Pro Se Post-Conviction Petition after addressing its merits. Justice Cook filed a dissenting opinion, noting his belief that it was "completely backwards for this case to be dealt with summarily in the trial court, but then for counsel

to appear on both sides in this court, and for us to address the merits of the case in a 15-page order." <u>Motion to Dismiss</u>, Ex. I, p. 16.  Justice Cook advocated remanding the case for further consideration at the trial level. The second order, in Case No. 4-03-0864, affirmed the summary dismissal of Oaks' § 2-1401 petition.  Justice Cook again filed a dissenting opinion, asserting that summary dismissal was inappropriate given his belief that the petition was not frivolous.  Oaks filed a Petition for Leave to Appeal to the Illinois Supreme Court in Case No. 4-04-0044, which was denied on September 29, 2005.

Oaks executed the instant Petition on September 22, 2006.  It was filed by this Court on October 2, 2006.  The Petition asserts the following three grounds for relief: (1) denial of effective assistance of counsel at trial, post-trial, and during appeal; (2) denial of the right to appeal; and (3) denial of due process based on the summary dismissal of his post-conviction petitions.  Respondent asserts that the Petition should be dismissed with prejudice because it is untimely.  The Court agrees.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Oaks fails to allege any facts that would implicate 28 U.S.C. §§ 2244(d)(1)(B)-(D). Oaks asserts that his Petition is timely under 28 U.S.C.

5

§ 2244(d)(1)(A), arguing that judgment became final on September 29, 2005, the date on which the Illinois Supreme Court denied his Petition for Leave to Appeal the dismissal of his Second Subsequent Pro Se Post-Conviction Petition. Oaks is mistaken. Under 28 U.S.C. § 2244(d)(1)(A), the relevant date is the date on which the underlying criminal judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. The Illinois Appellate Court for the Fourth District affirmed Oaks' conviction and sentence on February 5, 2002. Oaks did not file a Petition for Leave to Appeal to the Illinois Supreme Court or a petition for a writ of certiorari. However, Oaks filed his first post-conviction petition in March 2001, before the underlying criminal judgment became final. Thus, the statute of limitations was tolled until April 2, 2003, the date on which the Illinois Supreme Court denied review of the dismissal of Oaks' first post-conviction petition. See 28 U.S.C. § 2244(d)(2); see also Lawrence v. Florida, 127 S.Ct. 1079 (2007).

The limitation period began to run on April 3, 2003. Oaks points to nothing that was pending in state court from this point until he filed his § 2-1401 Petition by placing it in the prison mail on September 9, 2003. Respondent asserts that the § 2-1401 Petition does not qualify as an

application for collateral review such that the tolling provisions of 28 U.S.C. § 2244(d)(2) would apply during its pendency.  The Court need not reach this issue, however, because, even assuming that the limitation period was tolled during the pendency of the § 2-1401 Petition, the Petition is untimely.

Oaks filed his Second Post-Conviction Petition in December 2003, while the appeal of his § 2-1401 Petition was pending.  The Second Post-Conviction Petition remained pending until the Illinois Supreme Court denied Oaks' request for leave to appeal its dismissal on September 29, 2005.  Oaks did not file a petition for writ of certiorari.  It is well-established that "[t]he one-year limitations period set forth in § 2244(d) is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court."  Johnson v. Chandler, 2007 WL 836598, *2 (7th Cir. March 20, 2007) (nonprecedential disposition) (internal quotations and citations omitted).[1]  Therefore, the limitations period began to run again on September 30, 2005.  While Oaks' Petition does not contain a declaration

---

[1] Indeed, the Supreme Court has recently held that the §2244(d) limitations period is not tolled for the period during which a petition for certiorari is pending before it following the state court's entry of final judgment on a state post-conviction matter.  Lawrence, 127 S.Ct. 1079.

of compliance as set forth in Rule 3(d) of the Rules Governing Habeas Corpus Cases under § 2254, the Petition was executed on September 22, 2006, and Oaks asserts that it was filed on that date. Respondent does not assert that the limitations period continued to run past this date. See Motion to Dismiss, p. 6. Therefore, the Court will deem the Petition to have been filed on September 22, 2006.

As set forth above, the limitations period ran from April 3, 2003, to at least September 9, 2003, and again from September 30, 2005, until September 21, 2006. More than one year of non-tolled time lapsed between the time Oaks' underlying criminal judgment became final and the filing of his Petition. Oaks' Petition is untimely.

Oaks asserts that extraordinary circumstances exist such that the Court should apply the doctrine of equitable tolling to allow him to proceed with his otherwise untimely claims. "Equitable tolling excuses an untimely filing 'when [e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing.'" Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003). The United States Court of Appeals for the Seventh Circuit has noted that equitable tolling is rarely appropriate. Id. (collecting cases). Oaks identifies the ineffectiveness of counsel on direct appeal, the fact that

requests to the prison law library generally take one to two weeks for approval, the fact that he arrived at prison with just over an eighth grade education and virtually no knowledge of law, and the busy rehabilitation program that Oaks has devised for himself in prison as extraordinary circumstances.[2]  None of these circumstances constitute extraordinary circumstances far beyond Oaks' control such that equitable tolling would apply to salvage Oaks' claims.

THEREFORE, for the reasons set forth above, Respondent Gregory Firkus' Motion to Dismiss (d/e 6) is ALLOWED.  Petitioner Gordon Oaks' Petition for Writ of Habeas Corpus (d/e 1) is DISMISSED with prejudice.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   May 22, 2007.
           FOR THE COURT:

                                   s/ Jeanne E. Scott
                                   JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE

---

[2] Oaks also asserts that he relied on a 1997 version of <u>Post Trial Remedies</u> published by the Illinois State Bar Association to determine that the limitation period would run from the date on which judgment became final by the conclusion of direct review.  This is an accurate statement of the applicable law, and therefore, Oaks' reliance on this resource would not constitute an extraordinary circumstance.  <u>See</u> 28 U.S.C. § 2244(d)(1).